UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HURSHED SOLEJONOVICH FOZILOV (A-204-923-323),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-08316-DC-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 8)

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 29, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 8.) On October 30, 2026, Respondents objected to the findings and recommendations "[f]or the reasons set forth in Respondents' previous briefing." (Doc. No. 9.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. *See D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Cuenca-Pucha v. Andrews*, No. 1:26-cv-08113-

DC-JDP, 2026 WL 3059492, at *1 (E.D. Cal. Oct. 13, 2026) (granting release of a petitioner who had been previously released on parole and rejecting the government's argument that the "[p]etitioner is not constitutionally entitled to any additional process beyond what is provided by statute"); *Cardenas Osorio v. Sergio Albarran, et al.*, No. 1:26-cv-08676-DC-JDP, 2026 WL 3228472, at *1 (E.D. Cal. Oct. 28, 2026) (similar). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.[1]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 29, 2026 (Doc. No. 8) are ADOPTED;
2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED on Count Three,[2] as follows:
    a. Petitioner Hurshed Solejonovich Fozilov (A-204-923-323) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in August 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release

[1] The undersigned will not await the expiration of the findings and recommendations' objection period to issue this order given the court will be granting the relief Petitioner seeks, and Respondents have already filed their objections.

[2] Because the court is granting the petition on the due process claim, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Dena Coggins
United States District Judge